**WEIL, GOTSHAL & MANGES LLP**
**Attorneys for the Debtors**
**767 Fifth Avenue**
**New York, New York 10153**
**(212) 310-8000**
**Deryck A. Palmer, Esq.**
**Andrew M. Troop, Esq.**

**FILED**

**MAY - 8 2003**

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF COLUMBIA

-------------------------------------------------------x
                             :

**In re:**                            :

                             :

**GREATER SOUTHEAST COMMUNITY**  :   **Case No.**
**HOSPITAL CORPORATION I, et al.,**  :   **02- 2250 (SMT)**
                             :   **Jointly Administered**
       **Debtors.**            :   **(Chapter 11)**

                             :

-------------------------------------------------------x

**FILED IN**
**JOHN MARSHALL DROP BOX**

### DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO PAY PREPETITION AMOUNTS OWED TO DEBTORS' <u>CRITICAL PHYSICIANS AND CERTAIN CURRENT EMPLOYEES</u>

TO THE HONORABLE S. MARTIN TEEL, JR.,
UNITED STATES BANKRUPTCY JUDGE:

Greater Southeast Community Hospital Corporation I ("Greater

Southeast") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors

and debtors-in-possession (collectively, the "Debtors"),[1] respectfully represent:

---

[1]  The affiliated debtors are PACIN Healthcare-Hadley Memorial Hospital Corporation of Washington, D.C. ("Hadley"), Michael Reese Medical Center Corporation of Chicago, Illinois ("Michael Reese"), Pacifica Hospital of the Valley Corporation of Sun Valley, California ("Pacifica"), Pine Grove Hospital Corporation of Canoga Park, California ("Pine Grove") and their ultimate parent corporation, Doctors Community Healthcare Corporation ("DCHC").

## Background

1.      On November 20, 2002 (the "Commencement Date"), each of the Debtors commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Each of the Debtors continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Pursuant to an order of the Court, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

3.      On or about November 25, 2002, the Office of the United States Trustee for the District of Columbia (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Debtors' chapter 11 cases (the "Creditors' Committee").

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Payments Owed to Critical Physicians and Certain Current Employees

A.      Critical Physicians

5.      The Debtors provide critical, life-supporting healthcare services on a daily basis to their patients. Essential to the provision of these services are the individual physicians who render healthcare services on behalf of the Debtors (the

"Critical Physicians"). Certain of the Critical Physicians at D.C. General Ambulatory and Emergency Care Center ("D.C. General"), District of Columbia Department of Corrections ("D.C. Corrections"), Greater Southeast, Michael Reese, and Pacifica provided essential healthcare services to patients prior to the Commencement Date for which they have not received compensation.

6. To ensure that the Critical Physicians continue to provide essential services needed for the operation of the Debtors' hospitals and clinics and to maintain their morale and loyalty, the Debtors agreed, around the time of the Commencement Date, to seek authorization of this Court to satisfy certain prepetition claims of the Critical Physicians. The Debtors explained that they were unable to seek this relief unless and until sufficient postpetition financing ("DIP Financing") was obtained. As the Debtors have pending a motion for approval of DIP Financing with Merrill Lynch Capital, a division of Merrill Lynch Business Credit, Inc. ("Merrill"), they have determined in their business judgment that it is now an appropriate time to request authority to pay those Critical Physicians who are identified in Exhibit "A" annexed hereto, some or all of their prepetition claims. As discussed below, the Debtors seek authority to pay an aggregate amount of $1,250,266.30 owed to Critical Physicians (the "Critical Physicians Claims"), over a period of ten months. Merrill has agree to these payments as part of the DIP Financing.

7. Specifically, the Debtors propose to pay 100% of the claims of those Critical Physicians who provided services at D.C. General and D.C. Corrections (the "D.C. General Doctors"). Notably, these D.C. General Doctors provided services in connection with the D.C. Healthcare Alliance Program, and the Debtors have received

payments from the District of Columbia government in the amount of $584,880.82 for services rendered by such Critical Physicians.

8.      The Debtors also propose to pay their "in-house" Critical Physicians at Greater Southeast, Michael Reese and Pacifica, who are owed an aggregate amount of $1,209,792.00 for their prepetition services, 55% of that amount ($665,385.63).

9.      The different treatment for Critical Physicians reflects the Debtors assessment of (a) the unique conditions under which the D.C. General Doctors have provided and continue to provide services and (b) the special position of D.C. General as a source of healthcare services within the District of Columbia.

10.     Although the Debtors intend to pay the Critical Physicians Claims, as set forth above, they do not propose to assume any contract with any Critical Physician at this time pursuant to section 365 of the Bankruptcy Code. Further, should any of the Debtor hospital facilities be sold, transferred or cease to operate, or if its chapter 11 case is converted to a case under Chapter 7 of the Bankruptcy Code, and a Critical Physician's contract with such Debtor has not been assumed and assigned by such Debtor, the unpaid balance of any Critical Physician's claim will remain a prepetition unsecured claim against such Debtor. However, any amounts actually paid to a Critical Physician pursuant to an order of the Court approving this motion will not be subject to disgorgement or otherwise subject to recovery.

B.      Reimbursement of Certain Current Employees

11.     Shortly after the commencement of these cases, the Court authorized the Debtors to pay accrued and unpaid reimbursable prepetition employee

obligations in an aggregate amount of approximately $31,500. Subsequent to obtaining such authorization, the Debtors received additional requests for reimbursement of prepetition expenses from a handful of their current employees that were not posted in time to be included in the prior Court order. These were primarily travel-related expenses that were incurred by certain employees in the performance of services on behalf of the Debtors in ordinary course of business (the "Ordinary Course Expenses"). The Ordinary Course Expenses aggregate approximately $13,135.00 and are detailed in a chart annexed hereto as Exhibit "B".

12.    In addition, the Debtors also owe two of their current employees approximately $17,000 for prepetition relocation expenses (the "Relocation Expenses"). These two employees are the Materials Manager and the Information Technology Director at Greater Southeast, who relocated prepetition at the Debtors' request and in furtherance of the Debtors' business needs.[2]  The Relocation Expenses are also included in Exhibit "B" under the subheading "Relocation Expenses."

13.    Subject to Court approval, the Debtors propose to pay or reimburse the current employees 100% of the Ordinary Course Expenses and Relocation Expenses.

### Payment of Critical Physicians Claims, Ordinary Course Expenses and Relocation Expenses Should Be Approved

14.    For the reasons set forth herein, payment of Critical Physicians Claims, Ordinary Course Expenses and Relocation Expenses are necessary to preserve the continuity of their business operations, maintain morale and loyalty, and enhance the success of their restructuring efforts.

---

[2] Upon information and belief, the moving company, United Van Lines, has threatened to sue these employees for unpaid freight charges.

15. Although the Critical Physicians have continued to provide services during the course of this case, they have done so on the express understanding that when DIP Financing was in place, the Debtors would seek authority to pay at least some of their prepetition claims in recognition of the continually important role they play in the Debtors' operations. Without the authority to pay Critical Physicians Claims, the Debtors believe some or many of the Critical Physicians may discontinue the provision of healthcare services for the Debtors or, to the extent they are able, direct their patients to hospitals other than the Debtors' hospitals. Either result would seriously impair, if not make impossible, the Debtors' ability to provide uninterrupted healthcare services that are essential to their operations, and would most assuredly have an adverse effect on the hospitals' census and revenues.

16. Payment of Critical Physicians Claims thus is necessary to heal the strained relations stemming from the effects of delayed or diminished compensation and to maintain the loyalty of the Critical Physicians. In sum, failure to pay the Critical Physicians Claims, after obtaining DIP Financing, would have a pernicious effect upon the Debtors' rehabilitation efforts. In contrast, granting the relief requested will afford the Debtors the opportunity to secure the ongoing services that are essential to the Debtors' successful continuing operations.

17. Similarly, failure to pay or reimburse their current employees the Ordinary Course Expenses and Relocation Expenses will adversely impact the Debtors' relationship with those employees. As noted above, the moving company has threatened to commence legal action against two key employees directly for unpaid freight and storage charges in connection with their relocation at the Debtors' request. Both of these

employees fill important leadership roles at Greater Southeast, and the Debtors are concerned that being sued by the moving company will degrade not only these two key employees' morale, but also the morale of other employees. Given all that has occurred at Greater Southeast, and the concerted efforts required by employees in leadership positions to address and implement various matters at the hospital, the Debtors believe it is in their best interest and the best interest of their creditors to pay these relatively small expenses.

18.    A failure to pay the Ordinary Course Expenses and Relocation Expenses would have a negative effect on the Debtors' relationship with their current employees and could continue to impair employee morale, dedication, and cooperation. In contrast, making these relatively small payments likely will bolster employee support, which is critical to the Debtors' efforts to reorganize.

## Basis for Relief Requested

19.    Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," and thus to authorize the payment requested in this motion. A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). "Under section 105, the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor." In re NVR L.P., et al., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing Ionosphere Clubs, 98 B.R. at 177); see also

Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279, 285-86 (S.D.N.Y. 1987).

20.    Furthermore, the "necessity of payment" doctrine also supports the relief requested herein. This doctrine functions in chapter 11 cases as a mechanism by which the bankruptcy court can exercise its equitable power to allow payment of critical prepetition claims not explicitly authorized by the Bankruptcy Code. See In re Boston & Me. Corp., 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to the debtors' continued operation). See also, In re Just for Feet, Inc., 242 B.R. 821 (D. Del. 1999) (approving payment of prepetition claims to vendors who are critical to the debtor's reorganization); In re Structurelite Plastics Corp., 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988), ("the principle that a bankruptcy court may exercise its equity powers under section 105(a) to authorize payment of prepetition claims where such payment is necessary to 'permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately.'"); In re Eagle-Picher Indus. Inc., 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (same). As the court in Structurelite held; "a per se rule proscribing the payment of prepetition indebtedness may well be too inflexible to permit the effectuation of the rehabilitative purposes of the Code." 86 B.R. at 932. The rationale for the doctrine of necessity rule is consistent with the paramount goal of chapter 11, which facilitates "the continued operation and rehabilitation of the debtor...." Ionosphere Clubs, 98 B.R. at 176.

21.    This Court previously exercised its equitable powers under section 105(a) permitting the Debtors to pay certain prepetition wages and benefits that were

owed to their employees. The relief requested herein is similar in nature to the relief that was granted by the Court shortly after the commencement of these chapter 11 cases.

## Conclusion

22.    The uninterrupted rendition of healthcare services by the Critical Physicians and the continued provision of services by the current employees are imperative to the Debtors' ongoing operations and viability. In recognition of the efforts of the Critical Physicians and the other current employees identified above, the Debtors respectfully submit that the relief sought in this motion should be granted, as the DIP Financing becomes available.

## Notice of This Motion

23.    No trustee or examiner has been appointed in these cases.

24.    Notice of this motion has been served in accordance with the Order of the Court, dated January 23, 2003, establishing notice procedures in these cases. The Debtors submit that such notice is good and sufficient and that no other or further notice need be provided.

25.    Except as stated herein, no previous motion for the relief requested herein has been made in this or any other Court.

WHEREFORE the Debtors respectfully request that the Court enter an order in the form attached hereto, granting the relief requested herein and such other and further relief as is just.

Dated: Washington, DC
       May 8, 2003

Deryck A. Palmer (by Permission DMS)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
(212) 310-8000

Andrew M. Troop
WEIL, GOTSHAL & MANGES LLP
100 Federal Street
Boston, Massachusetts 02110
(617) 772-8300

Peter D. Isakoff (D.C. Bar No. 358419)
Holly E. Loiseau (D.C. Bar No. 452442)
WEIL, GOTSHAL & MANGES LLP
1501 K Street, N.W., Suite 100
Washington, D.C.  20005
(202) 682-7000

ATTORNEYS FOR THE DEBTORS AND
DEBTORS IN POSSESSION

**EXHIBIT A**



# CRITICAL PHYSICIANS BY FACILITY

**D.C. GENERAL AMBULATORY AND EMERGENCY
CARE CENTERS**

AKPAN, MARGARET
ALI, NAYAB
ALLEN, NORMAN
AMINI, MASSOUD
AZER, RIDA
BAKER, BENNIE
BALIKISSOON, GANGAGEE
BURAS, ROBERT
CHARI, CHITRA
CHAVIS, MICHAEL
CHUNG, HEKWAN
DORN, WILLIAM
ESKINDER, AFEWORK
FARVARI, MOHAMAD
GUPTA, YUDAH
HAFIZI, ABDOLHOSSEIN
HALL, WILLIAM
HERMAN, MONTE
JACKSON, IRENE
KING, DAVID
LABRANO, MARCIA
MAHMOOD, LAVIZA
MARKS, ZANA
MAZAREI, NAHID
MCLAUGHLIN, THOMAS
PLACIDE-VASSAL, GABRIELLE
RUCKER, GAIL
SEALY, PETER
TAHIRA, MUSSARAT
TROTMAN, MICHELLE
VERA, GILBERTO
WARNER, CHRISTOPHER
ZAIDI, SYED

**100% OF THE AGGREGATE
AMOUNT TO BE PAID**                 **$ 494,026.78**

**DISTRICT OF COLUMBIA DEPARTMENT OF
CORRECTIONS**

ALLEN, NORMAN
ATIEMO, EMMANUEL
BALKISSOON MD, GANGANEE
BURRIS MD, ALFRED C.
MCCOY-COLLINS, RENEE
CHIDAMBARAM, SIOBHA
CRAIG, MD. JULIAN
FARIVARI, M.E.
FRANKS, DENNIS
GOMBAS, GEORGE F
GROOVER, CHRISTIE & MERRITT
HAFIZI, ABDOLHOSSEIN
JAMSHIDI, SAIED
KASS, MARY E
LEE, HEE
MAJLESSI, HESHMAT
MCCREARY, MAURICE
MOHIUDDIN, MOHAMMED
MPINGA, EBONDO
MURTHY MD, SHANTHA
NEDD, WILTON O
NEMATI, MASSOUD
PAVOT, ALFRED
POOYA, M
YUNIS, FADIL
RICKETTS, WENDY N
STEVENS, JOEL
WILLIAMS, DEBORAH
ZONOZI, M. SAID

**100% OF THE AGGREGATE
AMOUNT TO BE PAID**               $ 90,854.04

**GREATER SOUTHEAST COMMUNITY HOSPITAL
CORPORATION I**

ATIEMO, EMANUEL
AZER, RIDA
BOOKER, SYLVESTER
BRASWELL, B. TOLORIA
DAWOOD, YOUSUF
GARRO, ARNALDO
JAMSHIDI, SAIED
JANANI, JAVANSHIR
LIU, WAYNE
MARKS, ZANA
NELSON, VICTOR
NEMATI, CYRUS
PAVOT, ALFRED
REDFEARN, JOAN
STEVENS, JOEL
USCINSKI, RONALD
WARNER, CHRISTOPHER
YU, HENRY
YUNIS, FADIL

| | |
|---|---|
| **TOTAL** | $ 617,298.59 |
| **TOTAL AT 55%** | **$ 339,514.22** |

## MICHAEL REESE MEDICAL CENTER CORPORATION

AGNIHOTRI, PARAG
BERMAN, VALENTIN
BLUMENTHAL, LEWIS
CHARLES, ALLEN
CHATMAN, DONALD L.
COHEN, HOWARD
DEL GRANADO, ALPHONSO
DINSAY, ROSELYN
DUVAL, JUDE
FARMER, SC, JOHN C.
FONT, GUILLERMO
GREEN, MARLENE
GREENE, VYBERT
HANAH AND ELKANAH/H & E
HUSSEINI, AMER
JAIN, MUKESH
JARRETT, THEODORE
KRAMER, KAREN
LEVINSKY, RICHARD
LEVISON, DENNIS
LIEB, DAVID .
MESEROW, JAMES
MIHAILESCU, DAN
OKWUJE, PHILIP
PHILLIPS, VALESIA
ROBOTTOM, KYA
SALIMI, SC, FARAMARZ
SARMA, VIJAYA
SCHRIEBMAN, MARCY L.
SHERIDAN, JOSEPH T.
SMALLWOOD, JAMES
TARTOF, DAVID .
TELFER, ELAINE
VOGEL, NICHOLAS
WECHTER, DAVID

| | |
|---|---|
| **TOTAL** | **$ 419,338.45** |
| **TOTAL AT 55%** | **$ 230,636.15** |

**PACIFICA HOSPITAL OF THE VALLEY**

BASS, STEPHAN
CARMALT, DUANE
DARVISH, BABAK
EIPE, JOSEPH
FARRAG, HASSAN
FEIGENBAUM, LEONARD
JIMENEZ, CARLOS
KASHANI, DARYOUSH
KEESARA, VINAY
KOEHLER, ARTHUR
MACHICADO, GUSTAVO
ORO, TERESITA
PALMCASTER ANESTHESIA
RAO, SURESH
RITTO, SHARLENE
SANDHU, HARGUMEET
SCHEFFELS, KENNETH


**TOTAL**                        $ 173,155.01
**TOTAL @ 55%**                  **$ 95,235.26**

## EXHIBIT "B"

**Ordinary Course Expenses by Facility:**

| Facility | Employee | Amount Due |
|---|---|---|
| Doctors Community Healthcare Corporation | Andrew Hunt | $83.96 |
| | Brittany Mora | $215.91 |
| | Casey Fatch | $230.83 |
| | George Yatso | $47.09 |
| | John Wilker | $116.80 |
| | Karen Dale | $990.46 |
| | Larry McFarland | $155.14 |
| | Mark Jones | $9,105.57 |
| | Paul Tuft | $1,504.20 |
| | Ronnie Johnson | $271.50 |
| | **Total for DCHC** | **$12,721.46** |
| Pine Grove Hospital Corporation | Mike Zeug | $226.99 |
| | **Total for Pine Grove** | **$226.99** |
| Greater Southeast Community Hospital Corporation I | Pam Cruz | $186.55 |
| | **Total for Greater Southeast** | **$186.55** |
| **Total Ordinary Course Expenses** | | **$13,135.00** |

**Relocation Expenses:**

| Greater Southeast Community Hospital Corporation I | Employee | Relocation Expenses |
|---|---|---|
| | Rick Holslaw | $15,000.00 |
| | Andy Hunt | $2,016.47 |
| | **Total** | **$17,016.47** |

**Total Amount of Ordinary Course Expenses and Relocation Expenses:  $30,151.47**

## CERTIFICATE OF SERVICE

I, David N. Southard, certify that a true and correct copy of the foregoing **motion pursuant to section 105(a) of the bankruptcy code for authorization to pay prepetition amounts owed to Debtors' critical physicians and certain current employees** was served on the attached service list on May 8, 2003 in accordance with the provisions of this Court's order of January 23, 2003, establishing notice procedures in this case.

David N. Southard

## PAPER SERVICE LIST
### (by first class mail and email)

| Name and Street Address | Email Address, if any |
|---|---|
| Any and all of the Debtors<br>c/o Doctors Community Healthcare Corporation<br>6730 North Scottsdale Road<br>Suite 290<br>Scottsdale, Arizona 85253 | pleadings@doctorscommunity.com |
| Deryck A. Palmer, Esq.<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>(Counsel for the Debtors) | deryck.palmer@weil.com |
| Andrew M. Troop, Esq.<br>Weil, Gotshal & Manges LLP<br>101 Federal Street<br>Boston, MA 021 10<br>(Counsel for Debtors) | andrew.troop@weil.com |
| Peter D. Isakoff, Esq.<br>Holly E. Loiseau, Esq.<br>Weil, Gotshal & Manges LLP<br>1501 K Street N.W. Suite 100<br>Washington, D.C. 20005<br>(Counsel for the Debtors) | peter.isakoff@weil.com<br><br>holly.loiseau@weil.com |
| B. Amon James, Esq.<br>Office of the United States Trustee<br>115 South Union St., Plaza Level<br>Suite 210<br>Alexandria, Virginia 22314 | B.Amon.James@usdoj.gov |
| Kevyn D. Orr, Esq.<br>Jones Day<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>(Counsel for National Century Financial Enterprises, Inc) | korr@jonesday.com |

Ken Kansa, Esq.                                    kkansa@sidley.com
Bank One Plaza
Sidley, Austin, Brown & Wood LLP
10 South Dearborn Street
Chicago, Illinois 60603
(Counsel for Medline Industries, Inc.)

Guy S. Neal, Esq.                                  gneal@sidley.com
Natalie Kuehn, Esq.
Sidley, Austin, Brown & Wood LLP                   nkuehn@sidley.com
1501 K Street, N.W. Suite 600
Washington, D.C. 20005
(Counsel for Medline Industries, Inc.)

Michael L. Bernstein, Esq.                         michael_bernstein@aporter.com
Charles A. Malloy, Esq.
Arnold & Porter                                    charles_malloy@aporter.com
555 Twelfth Street, N.W.
Washington, D.C. 20004
(Counsel for Health Care Reit, Inc.)

David Fisher, Esq.                                 David.Fisher@dc.gov
Corporation Counsel, D.C.
441 4th Street, N.W. 6th Floor North
Washington, D.C. 20001
(Counsel for the District of Columbia)

Sam J. Alberts, Esq.                               salberts@akingump.com
Jonathan Gold, Esq.
Akin, Gump, Strauss, Hauer, & Feld                 jgold@akingump.com
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C. 20001
(Counsel for the Joint Committee of
Unsecured Creditors)

Michael Goodstein, Esq.                            michael.goodstein@arterhadden
Arter & Hadden
1801 K Street N.W. Suite 3001
Washington, D.C. 20006
(Counsel for Provident)

## ELECTRONIC SERVICE LIST
### (by email only)

Donald A. Workman, Esq.                          dworkman@foleylaw.com
Roderick B. Williams, Esq.
Foley & Lardner                                  rwilliams@foleylaw.com
Washington Harbour
3000 K Street, N.W., Suite 500
Washington, D.C. 20007-5109

Neil Demchick                                    ndemchick@navigantconsulting.com
Navigant Consulting
2 North Charles Street, -
Baltimore, Maryland 21201.

Mitchell B. Weitzman, Esq.                       Mweitzman@beankinney.com
Bean, Kinney & Korman, P.C.
2000 North 14th Street Suite 100
Arlington, Virginia 22201

Christy Hoffman, Esq.                            choffman@jamhoff.com
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036

Kermit A. Rosenberg, Esq.                        krosenberg@tighepatton.com
Tighe Patton Armstrong Teasdale, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, DC 20006-4604

Haig Maghakian, Esq.                             hmaghakian@milbank.com
Milbank, Tweed, Hadley & McCloy LLP
601 S. Figueroa Street, 30th Floor
Los Angeles, California 90017

William Douglas White                            wdw@mcarthywhite.com
McCarthy & White, PLLC
8180 Greensboro Drive - Suite 875
McLean, VA 22102

Craig B. Young, Esq.                             cby@cblhlaw.com
C. Todd Marks, Esq.                              ctm@cblhlaw.com
Connolly Bove Lodge & Hutz, LLP
1990 M Street, N.W.
Suite 800
Washington, D.C. 20036

Margarita Ginzburg, Esq.                         mginzburg@kayescholer.com
Lester M. Kirshenbaum, Esq.                      lkirshenbaum@kayescholer.com
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

Charles R. Bennett, Jr., Esq.                    crb@hanify.com
Hanify & King,
Professional Corporation
One Beacon Street
Boston, MA 02108-3107

Conrad K. Chiu, Esq.                             cchiu@pitneyhardin.com
Pitney, Hardin, Kipp & Szuch LLP
685 Third Avenue
New York, NY 10017-4024

Lori L. Purkey, Esq.                             purkey@millercanfield.com
Miller, Canfield, Paddock and Stone P.L.C.
444 West Michigan Avenue
Kalamazoo, MI 49007

Terry E. Hall, Esq.                              tehall@bakerd.com
Baker & Daniels
300 North Meridian Street Suite 2700
Indianapolis, IN 46204

Steven Scow, Esq.                                sscow@sheppardmullin.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, Fourth Floor
Costa Mesa, CA 92626-1925

Daniel D. Doyle, Esq.                            ddoyle@spencerfane.com
Spencer Fane Britt & Browne LLP
120 South Central Avenue 5th Floor
St. Louis, Missouri 63105

John Cunningham, Esq.  
White & Case LLP  
200 South Biscayne Blvd  
Suite 4900  
Miami, FL 33131

jcunningham@whitecase.com

Rochelle A. Herzog  
Zimmerman, Rosenfeld, Gersh & Leeds LLP  
9107 Wilshire Boulevard Suite 300  
Beverly Hills, CA 90210-5528

rah@beverlyhillslaw.com

DENICE H. CURTIS
CLERK
U.S. BANKRUPTCY
COURT FOR D.C.

2003 19 P 7:07

RECEIVED