UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

FILED AND ENTERED

MAY 3 0 2003

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

```
----------------------------------------------------------x
In re                                   :
                                        :
GREATER SOUTHEAST COMMUNITY             :     Case No.
HOSPITAL CORPORATION I., et al.,        :     02-2250 (SMT)
                                        :     Chapter 11
                                        :
                          Debtors.      :     (Jointly Administered)
----------------------------------------------------------x
```

## ORDER PURSUANT TO SECTION 156(c) OF TITLE 28 OF THE UNITED STATES CODE AUTHORIZING THE DEBTORS TO EMPLOY BANKRUPTCY MANAGEMENT CORPORATION AS OFFICIAL CLAIMS AND NOTICING AGENT

Upon the application, dated May 5, 2003 (the "Application") of Greater Southeast Community Hospital Corporation I and its debtor affiliates in the above-captioned cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 156(c) of title 28, United States Code, for authorization to employ Bankruptcy Management Corporation ("BMC") as noticing and claims agent, as is more fully set forth in the Application; and upon the affidavit of Sean Allen, President of BMC, duly sworn to on the 1st day of May 2003 (the "Allen Affidavit"), a copy of which is annexed to the Application as Exhibit "B"; and the Debtors having estimated that there are in excess of 12,000 creditors and other parties in interest in these chapter 11 cases, many of which have and are expected to file proofs of claim, and it appearing that the receiving, docketing, and maintaining of proofs of claim would be unduly time consuming and burdensome for the Clerk of the Court; and the Court being authorized under 28 U.S.C. § 156(c) to utilize, at the Debtors' expense, outside agents and facilities to provide notices to parties in title 11 cases and to receive, docket, maintain, photocopy, and transmit proofs of claim; and the Court being satisfied that BMC has the capability

and experience to provide such services and that BMC does not hold an interest adverse to the Debtors or their estates respecting the matters upon which it is to be engaged; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. § § 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. § § 1408 and 1409; and due notice of the Application having been served in accordance with this Court's order establishing notice procedures in these cases, as evidenced by the certificate of service on file with the Court, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Application is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and upon the Application and all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is granted; and it is further

ORDERED that the Debtors are authorized to retain BMC to perform certain noticing and other services set forth in the Application and to receive, maintain, record, and otherwise administer the proofs of claim filed in these chapter 11 cases; and it is further

ORDERED that BMC is appointed as Agent for the Clerk and custodian of court records and, as such, is designated as the authorized repository for all proofs of claim filed in these chapter 11 cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk with a certified duplicate thereof on a monthly basis unless otherwise directed by the Clerk;

ORDERED that BMC is authorized to continue to perform all related tasks to process the proofs of claim and maintain a claims register including, without limitation:

- prepare and maintain an official copy of the Debtors' Schedules, which were filed with the Court on or about February 18, 2003. BMC also maintains an internet site where the Schedules may be viewed at www.bmccorp.net/dchc;

- notify all of the Debtors' known creditors, including former employees of the Debtors, of the deadline for filing proofs of claim and provide individualized proof of claim forms indicating the scheduled value of their claims;

- subject to the approval of, and in coordination with, the Clerk of the Court, docket all claims received, maintain the official claims registers (the "Claims Registers") for each Debtor on behalf of the Clerk, and provide the Clerk with certified duplicate unofficial Claims Registers on a monthly basis, unless otherwise directed;

- specify, in the applicable Claims Register, the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, and (iv) the classification of the claim (e.g., secured, unsecured, priority, etc.);

- subject to Court approval, relocate to BMC all of the proofs of claim filed with and received by the Clerk's office;

- record all transfers of claims and provide any notices of such transfers required by rule 3001 of the Federal Rules of Bankruptcy Procedure;

- make changes to the Claims Registers pursuant to Court orders affecting claims;

- upon completion of the docketing process for all claims received by the Clerk's office, turn over to the Clerk copies of the Claims Registers for the Clerk's review;

- maintain the official mailing list for each Debtor of all entities that have filed a proof of claim, which list shall be available upon request by a party-in-interest or the Clerk;

- assist with solicitation and tabulation of votes in connection with the Debtors' plan confirmation process; and

- at the close of the Debtors' cases, box and transport all original documents in proper format, as provided by the Clerk's office, to *the Clerk's office for eventual archiving with* *(MT)* the Federal Records Center, in accordance with the instructions of the Clerk's Office.

ORDERED that BMC is authorized to take such other action to comply with all duties set forth in the Application; and it is further

ORDERED that the Debtors are authorized to compensate BMC on a monthly basis, in accordance with that certain Agreement for Services, a copy of which is annexed to the Application as Exhibit "A," upon the receipt of reasonably detailed invoices setting forth the services provided by BMC in the prior month and the rates charged for each, and to reimburse BMC for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation; and it is further

ORDERED that in the event these cases are converted to cases under chapter 7 of title 11, United States Code, BMC will continue to be paid for its services until the claims filed in the chapter 11 cases have been completely processed, and that if claims agent representation is necessary in the converted chapter 7 cases, BMC will continue to be paid in accordance with 28 U.S.C. § 156(c) under the terms set forth herein and in the Application; and it is further

ORDERED that in the event BMC is unable to provide the services set forth in this Order and the Application, BMC will immediately notify the Clerk and the Debtors' attorneys and cause to have all original proofs of claim and computer information related to these chapter 11 cases turned over to another claims agent with the advice and consent of the Clerk and the Debtors' attorneys.

Dated:   Washington, D.C.
_May_ 30, 2003

_S. Martin Teel, Jr._
S. MARTIN TEEL, JR.
UNITED STATES BANKRUPTCY JUDGE

CC:
Doctors Community Healthcare Corporation
6720 North Scottsdale Road
Scottsdale, Arizona 85253

Deryck A. Palmer, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Andrew M. Troop, Esq.
Weil, Gotshal & Manges, LLP
101 Federal Street
Boston, MA 02110

Peter D. Isakoff, Esq.
Holly E. Loiseau, Esq.
Weil, Gotshal & Manges LLP
1501 K Street N.W. Suite 100
Washington, D.C. 20005

B. Amon James, Esq.
Office of the United States Trustee
115 S. Union St., Plaza Level
Suite 210
Alexandria, Virginia 22314

Sam J. Alberts, Esq.
Akin, Gump, Strauss, Hauer, & Feld LLP
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C. 20036
(Counsel for the Joint Committee of Unsecured Creditors)

Kevyn D. Orr, Esq.
Jones, Day, Reavis & Pogue
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(Counsel for National Century Financial Enterprises, Inc)

Ken Kansa, Esq.
Sidley, Austin, Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(Counsel for Medline Industries, Inc.)

Michael L. Bernstein, Esq.
Charles A. Malloy, Esq.
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004
(Counsel for Health Care REIT)

Guy S. Neal, Esq.
Natalie Kuehn, Esq.
Sidley, Austin, Brown & Wood LLP
1501 K Street, N.W. Suite 600
Washington, D.C. 20005
(Counsel for Medline Industries, Inc.)

David Fisher, Esq.
Corporation Counsel, D.C.
441 4th Street, N.W. 6th Floor North
Washington, D.C. 20001
(Counsel for the District of Columbia)

Michael Goodstein
Arter & Hadden
1801 K Street N.W. Suite 3001
Washington, D.C. 20006
(Counsel for The Provident)

COPIES MAILED TO THE ABOVE NAMED
THIS __30__ DAY OF _May_, 20_03_

_Sally Smyra_
DEPUTY CLERK