**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

------------------------------------------------------------------x

In re                                         :

GREATER SOUTHEAST COMMUNITY       :       Case No.          Denise H. Curtis, Clerk
HOSPITAL CORPORATION I., et al.,          :       02-2250 (SMT)U.S. Bankruptcy Court for D.C.
                                                :       Chapter 11
                                                :
                   Debtors.                   :       (Jointly Administered)

------------------------------------------------------------------x

**FILED AND ENTERED**

**JUN 2 - 2003**

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AUTHORIZING DEBTORS' PAYMENT OF PREPETITION AMOUNTS OWED TO CRITICAL PHYSICIANS AND CERTAIN CURRENT EMPLOYEES OF THE DEBTORS

Upon the motion, dated May 8, 2003 (the "Motion")[1], of Greater Southeast Community Hospital Corporation I and its debtor affiliates in the above-captioned cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 105(a) of title 11, United States Code (the "Bankruptcy Code"), seeking entry of an order authorizing the Debtors to pay (i) prepetition claims of certain critical physicians listed on Exhibit "A" annexed to the Motion (the "Critical Physicians" and "Critical Physicians Claims"), and (ii) prepetition ordinary course of business expenses and relocation expenses incurred by certain current employees of the Debtors listed on Exhibit "B" annexed to the Motion (the "Ordinary Course Expenses" and "Relocation Expenses"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this

---

[1] Capitalized terms not defined in this order have the meanings ascribed to them in the Motion.

Court pursuant to 28 U.S.C. § § 1408 and 1409; and due notice of the Motion having been served in accordance with this Court's order establishing notice procedures in these cases, as evidenced by the certificate of service on file with the Court, and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion, as modified herein, is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and upon the Motion and all of the proceedings had before the Court, including the hearing held on the Motion on May 30, 2003; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that:

1. Subject to the terms and conditions otherwise set forth in this Order, the Motion is allowed.

2. The Debtors are authorized, but not required, to pay the Critical Physicians Claims in an aggregate amount of $997,071; provided that

a. No Critical Physician shall be paid more than 55% of the Critical Physician's Claim (the "55% Claim");

b. Each Critical Physician will waive any prepetition claims against the Debtors other than the 55% Claim, *as a condition to such Critical Physician reaping the benefits of this order,*

c. Subject to the following paragraphs 1(d) – (h), inclusive, the 55% Claim will be paid over 10 months, in equal monthly installments;

d. Notwithstanding the foregoing, each Critical Physician will be entitled to monthly payments on the 55% Claim only so long as (i) the Critical Physician continues to provide services to his/her respective Debtor hospital and (ii) the Critical Physician performs in a quality manner at or above the level of performance by

that Critical Physician as of the commencement of these chapter 11 cases on November 20, 2002;

       e.     Critical Physicians will no longer be entitled to any payments on their 55% Claim if (i) they cease to provide services to their Debtor hospital prior to confirmation of a plan of reorganization or other disposition of their Debtor hospital or (ii) they fail to perform in a quality manner at or above the level of performance by that Critical Physician as of the commencement of these chapter 11 cases on November 20, 2002;

       f.     In the event any Debtor hospital facility is sold, transferred or ceases to operate, or any Debtor confirms a plan of reorganization, or a Debtor's case is converted to a case under Chapter 7 of the Bankruptcy Code (all of the foregoing being collectively referred to as a "Triggering Event"), and a Critical Physician's contract with such Debtor has not been assumed and assigned, then, provided that the Critical Physician is still providing services to its Debtor hospital at the time of a Triggering Event occurring for that hospital, the unpaid balance of a Critical Physician's 55% Claim will be considered a general unsecured prepetition claim against that Debtor; provided, however, any amounts actually paid to such Critical Physician in accordance with the terms of this Order shall not be subject to disgorgement or otherwise be recoverable by these estates;

       g.     Only Critical Physicians who acknowledge and agree to the foregoing conditions in writing shall be entitled to payment of the 55% Claim as set forth in this Order.

       h.     The Debtors will confirm to the Committee monthly whether a Critical Physician is qualified to receive monthly payments on his/her 55% Claim.

3. The Debtors are authorized to pay the Ordinary Course Expenses in an aggregate approximate amount of $13,135.00.

4. The Debtors are authorized to pay Relocation Expenses in an aggregate approximate amount of $17,000.00.

5. The entry of this Order and the payment of Critical Physicians Claims, the Ordinary Course Expenses and/or the Relocation Expenses does not constitute the Debtors' assumption under section 365 of the Bankruptcy Code of any contract with any Critical Physician or with any recipient of an Ordinary Course Expense or a Relocation Expense at this time.

6. The resolution of the limited objection (the "Limited Objection") to the Motion filed by The Service Employees International Union as embodied in a separate stipulation filed in open court in connection with the hearing on the Motion is hereby approved and the Limited Objection is hereby deemed withdrawn.

7. Any objection to the Motion not otherwise withdrawn or settled is hereby overruled.

Dated: Washington, D.C.
May 30, 2003

S. MARTIN TEEL, JR.
UNITED STATES BANKRUPTCY JUDGE

cc:

Doctors Community Healthcare Corporation
6720 North Scottsdale Road
Scottsdale, Arizona 85253

Deryck A. Palmer, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

Andrew M. Troop, Esq.
Weil, Gotshal & Manges LLP
100 Federal Street
Boston, Massachusetts 02110

Peter D. Isakoff, Esq.
Holly E. Loiseau, Esq.
Weil, Gotshal & Manges LLP
11501 K Street, NW, Suite 100
Washington, D.C. 20005

B. Amon James, Esq.
Office of the United States Trustee
1115 S. Union Street, Suite 210
Alexandria, Virginia 22134

Sam J. Alberts, Esq.
Jonathan Gold, Esq.
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(Counsel for the Joint Committee of Unsecured Creditors)

Kevyn D. Orr, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(Counsel for National Century
Financial Enterprises, Inc.)

Ken Kansa, Esq.
Sidley, Austin, Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(Counsel for Medline Industries, Inc.)

Guy S. Neal, Esq.
Natalie Kuehn, Esq.
Sidley, Austin, Brown & Wood LLP
1501 K Street, N.W. Suite 600
Washington, D.C. 20005
(Counsel for Medline Industries, Inc.)

Michael L. Bernstein, Esq.
Charles A. Malloy, Esq.
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004
(Counsel for Healthcare REIT)

David Fisher, Esq.
Assistant Corporation Counsel, D.C.,
Chief, Tax, Bankruptcy, and Finance Section
441 4th Street, NW, 6th Floor North
Washington, D.C. 20001
(Counsel for the District of Columbia)

COPIES MAILED TO THE ABOVE NAMED
THIS ___2___ DAY OF _June_, 20_03_

_Sally Mayus_
DEPUTY CLERK