**WEIL, GOTSHAL & MANGES LLP**
Attorneys for the Debtors
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Deryck A. Palmer, Esq.
Andrew M. Troop, Esq.

**FILED AND ENTERED**

JUN 2 - 2003

Denise H Curtis, Clerk
U.S. Bankruptcy Court for D.C.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

```
-------------------------------------------------------------x
In re                                   :
                                        :       Case No.
GREATER SOUTHEAST COMMUNITY             :       02-2250 (SMT)
HOSPITAL CORPORATION I, et al.,         :       Chapter 11
                                        :
                        Debtors.        :       (Jointly Administered)
-------------------------------------------------------------x
```

### STIPULATION AND ORDER TO AMEND THE AUTOMATIC STAY TO ALLOW LORETTA MOORE TO PURSUE HER CLAIM AGAINST AVAILABLE INSURANCE PROCEEDS

WHEREAS, Greater Southeast Community Hospital Corporation I ("GSECH") is a debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"); and

WHEREAS, Loretta Moore ("Claimant") alleges that on or about October 22, 2001, she sustained personal injuries as a result of the alleged negligence of a nurse who was a contract employee of GSECH; and

WHEREAS, on the date of Claimant's alleged loss, the nurse, who was employed by Medical Staffing Network, Inc., was covered by an insurance policy issued by National Union Fire Insurance Company of Pittsburgh; and

WHEREAS, on the date of Claimant's alleged loss, GSECH maintained a professional liability insurance policy with TIG Specialty Insurance Company ("TIG")

pursuant to which GSECH had a deductible and/or a self-insured retainer ("SIR") and could be held liable for up to $250,000 per claim or occurrence or $4,000,000 in the aggregate (the "TIG Policy"); and

WHEREAS, Claimant has received $36,000 from National Union Fire Insurance Company of Pittsburgh;

WHEREAS, Claimant now seeks additional payment directly from the estate of the Debtor; and

WHEREAS, the undersigned parties hereby stipulate to limited relief from the automatic stay to permit Claimant to pursue her claims against available insurance proceeds.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their undersigned counsel, that:

1.      Effective on the date when this Stipulation is "so-ordered" by the Court, the automatic stay imposed under section 362 of the Bankruptcy Code shall be modified permitting Claimant to pursue her claim, but solely to the extent that any judgment, settlement or other disposition obtained by the Claimant, if any, shall be enforced against available proceeds of Debtor's applicable professional liability insurance policies, if any. Notwithstanding the above sentence, the Debtor shall not expend assets of the estate (other than from available TIG Policy proceeds) to litigate or otherwise defend itself or any other party with respect to Claimant's case without approval of the Joint Committee of Unsecured Creditors or upon order of the Court upon proper motion, notice and hearing.

2. Except as provided in paragraph one (1) hereof, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtor (and any affiliate Debtor) from and against any assets or properties of the Debtor, its estate, any affiliate of the Debtor and/or the affiliate's estate shall remain in full force and effect, and neither Claimant nor any of her agents, attorneys or representatives shall take any action to execute, enforce or collect any such judgment or settlement against the Debtor, its employees, or its estate, any affiliate of the Debtor, the Debtor affiliate's estate, or any assets of any other person employed by the Debtor.

3. The Debtor represents that under the TIG Policy, GSECH could be held liable for a deductible or SIR and that the deductible or SIR has not been paid in full. Notwithstanding GSECH's deductible or SIR obligations, nothing in this agreement shall be deemed to prohibit Claimant from initiating or maintaining an action against TIG or any other insurer to recover any available proceeds of Debtor's applicable professional liability insurance policies, if any.

5. This Stipulation contains the entire agreement between the parties and supersedes all prior agreements and undertakings between the parties relating to the subject matter hereof.

6. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective parties hereto.

7. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same

instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the parties hereto to be charged.

8. This Stipulation, and the terms and conditions contained herein, are subject to the approval of the Court, and shall inure to the benefit of the Debtor, its affiliates, its successors and assigns, including, without limitation, a trustee, if any, appointed under chapter 7 or 11 of the Bankruptcy Code.

Dated: Washington, D.C.
~~March~~ May 14, 2003

Deryck A. Palmer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000

and

Andrew M. Troop
WEIL, GOTSHAL & MANGES LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 772-8300

and

Peter D. Isakoff (D.C. Bar No. 358419)
Holly E. Loiseau (D.C. Bar No. 452442)
WEIL, GOTSHAL & MANGES LLP
1501 K Street, N.W., Suite 100
Washington, D.C. 20005
Telephone: (202) 682-7000

ATTORNEYS FOR DEBTOR AND
DEBTOR IN POSSESSION

Thomas E. Doyle
Siegel & Doyle
101 North Adams Street
Rockville, MD 20858
Telephone: (301) 738-1314

ATTORNEY FOR CLAIMANT

SO ORDERED this
30+ day of May, 2003

UNITED STATES BANKRUPTCY JUDGE

CC:

B. Amon James, Esq.
Office of the United States Trustee
115 South Union St., Plaza Level, Suite 210
Alexandria, Virginia 22314

Kevyn D. Orr, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(Counsel for National Century Financial Enterprises, Inc)

Deryck A. Palmer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Counsel for the Debtors)

Andrew M. Troop
Weil, Gotshal & Manges, LLP
101 Federal Street
Boston, MA 02110
(Counsel for Debtors)

Peter D. Isakoff
Holly E. Loiseau
Weil, Gotshal & Manges LLP
1501 K Street N.W. Suite 100
Washington, D.C. 20005
(Counsel for the Debtors)

Ken Kansa, Esq.
Sidley, Austin, Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(Counsel for Medline Industries, Inc.)

Michael L. Bernstein, Esq.
Charles A. Malloy, Esq.
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004
(Counsel for Health Care Reit)

Guy S. Neal, Esq.
Natalie Kuehn, Esq.
Sidley, Austin, Brown & Wood LLP
1501 K Street, N.W. Suite 600
Washington, D.C. 20005
(Counsel for Medline Industries, Inc.)

David Fisher, Esq.
Corporation Counsel, D.C.
441 4th Street, N.W. 6th Floor North
Washington, D.C.  20001
(Counsel for the District of Columbia)

Sam J. Alberts, Esq.
Akin, Gump, Strauss, Hauer, & Feld
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C.  20001
(Counsel for the Joint Committee of Unsecured Creditors)

Michael Goodstein
Arter & Hadden
1801 K Street N.W. Suite 3001
Washington, D.C.  20006
(Counsel for Provident)

Thomas E. Doyle, Esq.
Siegel & Doyle
101 North Adams Street
Rockville, MD  20858
(Counsel for Claimant)

COPIES MAILED TO THE ABOVE NAMED
THIS ____ DAY OF _____ 20__
_____
DEPUTY CLERK

DENISE H. CURTIS
CLERK
U.S. BANKRUPTCY
COURT FOR D.C.

2003 MAY 14  P 1: 04

RECEIVED