● **FILED AND ENTERED**

JUN 2 - 2003

Denise H. Curtis, Clerk
U.S. Bankruptcy Court for D.C.

**WEIL, GOTSHAL & MANGES LLP**
**Attorneys for the Debtors**
**767 Fifth Avenue**
**New York, New York 10153**
**(212) 310-8000**
**Deryck A. Palmer, Esq.**
**Andrew M. Troop, Esq.**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

------------------------------------------------------------ X

**In re**      :

:      **Case No.**

**GREATER SOUTHEAST COMMUNITY**    :      **02-2250 (SMT)**
**HOSPITAL CORPORATION I, et al.,**    :      **Chapter 11**

: 

**Debtors.**      :      **(Jointly Administered)**

------------------------------------------------------------ X

## STIPULATION AND ORDER
## MODIFYING AUTOMATIC STAY TO PERMIT
## ROBERT KELLY TO PURSUE STATE COURT LITIGATION

WHEREAS, Michael Reese Hospital and Medical Center ("Michael

Reese") is a debtor and debtor in possession in the above-captioned chapter 11 case (the

"Debtor"); and

WHEREAS, Robert Kelly ("Claimant"), commenced a personal injury

action against the Debtor in the Circuit Court of Cook County, Illinois (the "State Court

Litigation"); and

WHEREAS, Claimant alleged in the State Court Litigation that he

sustained injuries due to the negligence of the Debtor; and

WHEREAS, on the date of Claimant's alleged loss, Michael Reese

maintained a commercial general liability insurance policy with TIG Specialty Insurance

Company ("TIG") pursuant to which Michael Reese had a deductible and/or a self-

DC1:\148331\01\36GB01!.DOC\41776.0003



insured retainer ("SIR") and could be held liable for up to $250,000 per claim or occurrence or $4,000,000 in the aggregate; and

WHEREAS, Claimant seeks relief from the automatic stay imposed under section 362 of title 11, United States Code (the "Bankruptcy Code") to liquidate his claim asserted in the State Court Litigation; and

WHEREAS, the undersigned parties hereby stipulate to limited relief from the automatic stay to permit the prosecution and defense of the State Court Litigation on the terms and subject to the conditions set forth herein.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their undersigned counsel, that:

1.    Effective on the date when this Stipulation is "so-ordered" by the Court, the automatic stay imposed under section 362 of the Bankruptcy Code shall be modified permitting the parties to prosecute and defend the State Court Litigation, but solely to the extent that any judgment, settlement or other disposition obtained by the Claimant, if any, shall be enforced against available proceeds of Debtor's applicable insurance policies, if any. Notwithstanding the above sentence, the Debtor shall not expend assets of the estate (other than from available TIG insurance policy proceeds) to litigate or otherwise defend itself or any other party with respect to the State Court Litigation without approval of the Joint Committee of Unsecured Creditors or upon order of the Court upon proper motion, notice and hearing.

2.    Except as provided in paragraph one (1) hereof, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained

against the Debtor (and any affiliate Debtor) from and against any assets or properties of the Debtor, its estate, any affiliate of the Debtor and/or the affiliate's estate shall remain in full force and effect, and neither Claimant nor any of his agents, attorneys or representatives shall take any action to execute, enforce or collect any such judgment or settlement against the Debtor, its employees, or its estate, any affiliate of the Debtor, the Debtor affiliate's estate, or any assets of any other person employed by the Debtor.

3.      By signing this Stipulation, Claimant agrees that any and all proofs of claim filed by him in this chapter 11 case shall be deemed withdrawn, and he further irrevocably waives his rights to receive any distribution from the Debtor's estate, the estate of any Debtor affiliate, any personal assets of any other person employed by the Debtor, whether such claim has been scheduled or not scheduled.

4.      The Debtor represents that under the TIG Commercial General Liability Policy, Michael Reese could be held liable for a deductible or SIR and that the deductible or SIR has not been paid in full.  Notwithstanding Michael Reese's deductible or SIR obligations, nothing in this agreement shall be deemed to prohibit Claimant from initiating or maintaining an action against TIG or any other insurer to recover any available proceeds of Debtor's applicable insurance policies, if any.

5.      This Stipulation contains the entire agreement between the parties and supersedes all prior agreements and undertakings between the parties relating to the subject matter hereof.

6.      Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the respective parties hereto.

7.    This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the parties hereto to be charged.

8.    This Stipulation, and the terms and conditions contained herein, are subject to the approval of the Court, and shall inure to the benefit of the Debtor, its affiliates, its successors and assigns, including, without limitation, a trustee, if any, appointed under chapter 7 or 11 of the Bankruptcy Code.

Dated: Washington, D.C.
April , 2003
May 14,

Deryck A. Palmer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY  10153-0119
Telephone: (212) 310-8000

and

Andrew M. Troop
WEIL, GOTSHAL & MANGES LLP
101 Federal Street
Boston, MA  02110
Telephone: (617) 772-8300

and

Peter D. Isakoff (D.C. Bar No. 358419)
Holly E. Loiseau (D.C. Bar No. 452442)
WEIL, GOTSHAL & MANGES LLP
1501 K Street, N.W., Suite 100
Washington, D.C. 20005
Telephone: (202) 682-7000

ATTORNEYS FOR DEBTOR AND
DEBTOR IN POSSESSION

_____
Larry E. Weisman, Esq.
Joseph P. Sorce, Esq.
Goldberg, Weisman & Cairo, Ltd.
One E. Wacker Drive, #3400
Chicago, IL 60601

ATTORNEYS FOR CLAIMANT

SO ORDERED this
_____ day of April, 2003

_____
UNITED STATES BANKRUPTCY JUDGE

CC:

B. Amon James, Esq.
Office of the United States Trustee
115 South Union St., Plaza Level, Suite 210
Alexandria, Virginia 22314

Kevyn D. Orr, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
(Counsel for National Century Financial Enterprises, Inc)

Deryck A. Palmer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Counsel for the Debtors)

Andrew M. Troop
Weil, Gotshal & Manges, LLP
101 Federal Street
Boston, MA 02110
(Counsel for Debtors)

Peter D. Isakoff
Holly E. Loiseau
Weil, Gotshal & Manges LLP
1501 K Street N.W. Suite 100
Washington, D.C. 20005
(Counsel for the Debtors)

Ken Kansa, Esq.
Sidley, Austin, Brown & Wood LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(Counsel for Medline Industries, Inc.)

Michael L. Bernstein, Esq.
Charles A. Malloy, Esq.
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004
(Counsel for Health Care Reit)

Guy S. Neal, Esq.
Natalie Kuehn, Esq.
Sidley, Austin, Brown & Wood LLP
1501 K Street, N.W. Suite 600
Washington, D.C. 20005
Counsel for Medline Industries, Inc.

David Fisher, Esq.
Corporation Counsel, D.C.
441 4th Street, N.W. 6th Floor North
Washington, D.C. 20001
(Counsel for the District of Columbia)

Sam J. Alberts, Esq.
Akin, Gump, Strauss, Hauer, & Feld
1333 New Hampshire Avenue, N.W.
Suite 400
Washington, D.C. 20001
(Counsel for the Joint Committee of Unsecured Creditors)

Michael Goodstein
Arter & Hadden
1801 K Street N.W. Suite 3001
Washington, D.C. 20006
(Counsel for Provident)

Larry E. Weisman, Esq.  Joseph P. Sorce, Esq.
Goldberg, Weisman & Cairo, Ltd.
One E. Wacker Drive, #3400
Chicago, IL  60601
(Counsel for Claimant)

COPIES MAILED TO THE ABOVE NAMED
THIS ___12___ DAY OF ___June___, 20_03_
_____
DEPUTY CLERK

DENISE H. CURTIS
CLERK
U.S. BANKRUPTCY
COURT FOR D.C.

2003 MAY 14 P 1: 06

RECEIVED