It is hereby
ORDERED that the Order set forth below is hereby signed as an order of the court to be entered by the clerk.



Signed: February 17, 2005.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORPORATION I, *et al.*, | ) | (Chapter 11) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

PROCEDURAL ORDER REGARDING MOTION OF
LINDA HAINES TO ALLOW LATE FILING OF CLAIM

This order addresses the Motion to Allow Late Filing of Claim (Docket Entry ("DE") No. 2429) filed by Linda Haines as the personal representative of the estate of Beatrice Phillips, and the oppositions thereto by the reorganized debtors[1] under the confirmed plan in this case and by the trustee under the liquidating trust established by that plan.[2]

---

[1] For ease of discussion, the court will refer to both the debtors that commenced these cases and the reorganized debtors as "the debtors," and the court will refer to the positions, which are essentially the same, of the debtors and the trustee under the liquidating trust as simply the debtors' positions.

[2] The court notes that Haines' reply (DE No. 2441) indicates that an Exhibit A is attached, but the court's file does not include that exhibit.

Haines urges that as a matter of due process she is entitled to file a late claim and that, alternatively, she is entitled to an enlargement of time to do so based on excusable neglect.

I

The court assumes that the parties, except as noted, would stipulate to the following background gleaned from their papers as facts that are of a kind likely not in dispute.

On or about May 21, 2002, Haines filed a complaint commencing a medical malpractice/survival/wrongful death action in the Superior Court of the District Columbia against the debtor Greater Southeast Community Hospital Corporation I ("Greater Southeast") and other defendants.  On November 20, 2002, the debtors filed petitions commencing these jointly administered cases.  On December 17, 2002, Greater Southeast filed a Suggestion of Bankruptcy and Notice of Stay in the Superior Court action.

On March 3, 2003, this court entered its order fixing May 20, 2003 ("the bar date") as the last date by which non-governmental creditors were required to file proofs of claim. On April 11, 2003, Bankruptcy Management Corporation ("BMC"), the debtors' claims and noticing agent, sent out a copy of a notice of the bar date to 17,529 creditors.  (Haines disputes this, raising issues as to whether notices were properly

2

addressed, proper postage paid, and so forth.)  BMC's declaration of service of the bar date notice recites that the notice was mailed to Paulson & Nace, the law firm that was representing Haines, at its address of record in the Superior Court action.[3]  Haines disputes that her law firm received the notice and the attorney in the law firm who was representing her specifically denies having received it.

On April 2, 2004, the court entered an order confirming the debtors' plan which became effective on April 5, 2004. The transactions contemplated by the plan have been carried out and the plan has been substantially consummated within the meaning of 11 U.S.C. § 1101.  Confirmation of the plan was preceded by approval and dissemination of a disclosure statement and was followed by dissemination of notice of confirmation of the plan, but the debtors have not addressed whether they mailed those papers to Haines.

On April 16, 2004, the Superior Court held a status conference at which Greater Southeast's attorneys raised no issue regarding Haines' failure to file a proof of claim.

In September 2004, counsel for Greater Southeast informed the Superior Court that Greater Southeast had emerged from

---

[3] The debtors also published notice of the bar date in newspapers, but the debtors have not suggested that Haines or her attorneys saw the notice in any newspaper.

3

bankruptcy, at which time the Superior Court action was restored to that court's active calendar. As a result of a September 10, 2004, scheduling conference, the Superior Court issued a new scheduling order. On September 16, 2004, Greater Southeast sent Haines' attorneys a copy of the bar date order by facsimile transmission, but did not assert that the order barred any further pursuit of the claim. Haines continued to pursue her claim in the Superior Court action, making Greater Southeast aware that she was continuing to assert the claim. The debtors do not contend that Haines led them to believe that she was giving up pursuit of her claims.

On December 17, 2004, Greater Southeast filed a motion to dismiss the Superior Court action based on Haines' failure to file a proof of claim in Greater Southeast's bankruptcy case. The motion included a transcript of a ruling by this court regarding another creditor's claim in which the court noted its exclusive jurisdiction to consider requests for relief from the bar date order. On January 13, 2005, Haines filed her motion to late file her proof of claim.

II

Haines urges that due process requirements were not met here because no notice was mailed to her. The argument may more accurately be that the debtors did not comply with notice

provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, and no statute substituted actual knowledge of the case (in time to file a proof of claim) in place of an entitlement to be given notice.[4]

A.

The debtors urge, first, that even if Haines had not been given written notice of the bar date for filing claims, due process was satisfied by way of Haines having been aware of the bankruptcy case, citing decisions involving *individual* debtors as opposed to *corporate* debtors. Those decisions turn on 11 U.S.C. § 523(a)(3) (discharging certain claims against an *individual* debtor held by creditors who knew of the case in time to file a claim), a provision which puts creditors to an obligation of inquiry to protect their interests.[5] However, in a corporate chapter 11 case, § 523(a)(3)(B) does not apply to alter the ordinary rule of City of New York v. New York, N

---

[4] As discussed later, decisions make clear that due process is not offended by a statute that discharges claims of creditors with actual knowledge of the case in sufficient time to file a timely proof of claim.

[5] The statutory obligation of inquiry has been held not to offend due process. See GAC Enterprises v. Medaglia (In re Medaglia), 52 F.3d 451, 455 (2d Cir. 1995); Grossie v. Sam (In re Sam), 894 F.2d 778, 781-82 (5th Cir. 1990); Yukon Self Storage Fund v. Green (In re Green), 876 F.2d 854, 856 (10th Cir. 1989); Lompa v. Price (In re Price), 871 F.2d 97, 99 (9th Cir. 1989); Byrd v. Alton (In re Alton), 837 F.2d 457, 460 (11th Cir. 1988).

.H. & H.R. Co., 344 U.S. 293 (1953), that when notice of a bar date is required, creditors may assume that notice will be sent before they are required to act.  The Eleventh Circuit has accordingly held that in the case of a *corporate* debtor, actual notice of the bankruptcy case does not satisfy due process: a known creditor, at least if it has no actual knowledge of the bar date, must be given written notice under Rule 2002(a)(7) of the claims bar date in order for its claim to be discharged by confirmation of a corporate debtor's plan, and notice by publication does not suffice.  <u>In re Spring Valley</u>, 863 F.2d 832 (11th Cir. 1989), distinguishing <u>Alton</u>, 837 F.2d at 457.  <u>See also</u> <u>Fogel v. Zell</u>, 221 F.3d 955, 963 (7th Cir. 2000) (corporate case).  The court's limited research discovered no case which rejects the analysis of <u>Spring Valley</u> on this point.

B.

The debtors assert, alternatively, that due process and the procedural requirements in the case were affirmatively satisfied here by a mailed notice.  They have submitted a certificate of service, signed under penalty of perjury, demonstrating that it mailed a notice of the bar date to the law firm that was representing Haines in the Superior Court, the notice being addressed to "Paulson & Nace, 1814 N Street,

NW, Washington, DC 20036." The notice does not list Haines as a creditor but only gives notice of the bar date for filing claims, and the notice was not addressed to a specific attorney at the law firm, or to Haines care of the law firm. In Maldonado v. Ramirez, 757 F.2d 48, 51 (3d Cir. 1985), the court of appeals observed:

> Notice sent to an authorized attorney or agent must at least signify the client for whom it is intended so that the attorney can know whom to advise to assert a claim in the bankruptcy.

See also In re Osman, 164 B.R. 709, 715 (Bankr. S.D. Ga. 1993).

In Maldonado, the notice was addressed as regarding a specific client, and was held insufficient as notice to another client of the lawyer. Nevertheless, the debtors should be prepared to advance reasons why I ought not follow Maldonado here.

C.

If the record establishes that Haines' attorney in the Superior Court action had actual knowledge of the bar date from sources other than the mailed notice, that might suffice to make the bar date applicable to Haines (see Spring Valley, 863 F.2d at 835 n.2; In re Namusyule, 300 B.R. 100 (Bankr. D.D.C. 2003)), but the court does not express a view on that issue or on whether, as the moving party, Haines would have

7

the burden of proof on that issue, or, whether, instead, the debtors have the burden of proof by way of avoidance of the consequences of any failure properly to mail notice to Haines.[6]

### D.

If Haines was not given adequate notice of the bar date as required by F.R. Bankr. P. 2002(a)(7), and she had no knowledge of the bar date, then Spring Valley, 863 F.2d at 835, if followed, would require a holding that her claims were not discharged.  Although the issue here is one of allowing late filing of a claim, not discharge, the rule in a corporate chapter 11 case has been held to be that "[a] creditor's claim can be barred for untimeliness only upon a showing that it received reasonable notice."  Oppenheim, Appel, Dixon & Co. v. Bullock (In re Robintech, Inc.), 863 F.2d 393, 396 (5th Cir.), cert. denied, 493 U.S. 811 (1989).  The debtors have cited no case law to the contrary.

### E.

If the alleged mailing to the law firm representing Haines would have satisfied the debtors' procedural

---

[6] The court notes that Haines' attorneys should review D.C. Rules of Professional Conduct, Rule 3.7 and the Comments thereto in the event that any of those attorneys will be called to testify by either Haines or the debtors at the trial of this matter.

8

obligations despite <u>Maldonado</u>, two factual issues arise: did the mailing actually occur and, if so, did the law firm receive the notice (an issue bearing on relief from the bar date under F.R. Bankr. P. 9006). The debtors urge that if the notice was given, a presumption of receipt arises and that it cannot be overcome by a mere denial of receipt. Haines urges that given the sheer volume of notices and the fact that other claimants did not receive notice, the certificate of mailing may be inaccurate, and she denies receipt of the notice by the law firm. The court has only made limited research regarding these issues, and expresses no views on presumptions and the character of evidence the opposing parties are required to adduce to prevail on these issues. It may be advisable to address the <u>Maldonado</u> issue first before the parties go to the expense of litigating these issues.

III

As indicated in one of the decisions cited by Haines, a known creditor who was not notified of the claims bar date, although perhaps not barred by the claims filing deadline from filing a claim based on lack of having made inquiry, may nevertheless be estopped from asserting that claim. Typically based on the nonbankruptcy law doctrine of laches, but occasionally without specific invocation of that doctrine,

9

decisions hold that the debtor may be barred from asserting its claim if the creditor, to the prejudice of other parties, waited unreasonably long in pursuing the claim after, for example, learning of the bar date or of confirmation of the debtor's plan. Levin v. Maya Constr. (In re Maya Constr. Co.), 78 F.3d 1395, 1400 (9th Cir.), cert. denied, 519 U.S. 862 (1996) (acted only after confirmation of plan); In re Coastal Alaska Lines, Inc., 920 F.2d 1428 (9th Cir. 1990) (creditor was aware of a bankruptcy case, was aware that it was not included on the mailing matrix, and was aware of a notice that if assets were found, the court would notify listed creditors of an opportunity to file claims); In re Remington Rand Corp., 836 F.2d 825, 833 (3d Cir. 1988) ; In re Chicago, Rock Island & Pac. R.R. Co., 788 F.2d 1280, 1282, 1284-85 (7th Cir. 1986) (dictum, in reorganization case under Bankruptcy Act, because notice satisfied due process).[7]

---

[7] See also In re Lee Way Holding Co., 178 B.R. 976, 986 (Bankr. S.D. Ohio 1995) (dictum because creditor deemed to have had proper notice); Indian Motorcycle Assoc., Inc. v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 157 B.R. 532, 538 (S.D.N.Y. 1993) (late assertion of claim would substantially prejudice payment of claims according to terms of confirmed plan by substantially affecting reserve for other disputed claims, and delay of six months after completion and consummation of reorganization plan was unreasonable); Walters v. Hunt (In re Hunt), 146 B.R. 178 (Bankr. N.D. Tex. 1992) (creditors learned of non-individual debtor's chapter 11 case after plan was confirmed but waited over two years to seek to file claim out of time);

10

The debtors have urged that Haines' long-standing knowledge of the pendency of the bankruptcy case makes the bar date applicable to her, but Spring Valley would require rejection of that argument, and the debtors have not raised a defense of estoppel or laches.  Moreover, if the bar date is held inapplicable to Haines by reason of lack of proper notice, the court's limited research suggests, based on the preliminary analysis set forth below, that the debtors have not alleged any facts which would suffice to establish such a defense of estoppel or laches.[8]  Haines' procedural right to

---

In re Pagan, 59 B.R. 394 (Bankr. D.P.R. 1986) (in case under chapter XI of Bankruptcy Act, creditors waited until almost four years after learning of entry of discharge order, entered pursuant to confirmed plan, to seek to file a late claim); Morgan v. Barsky (In re Barsky), 85 B.R. 550, 554 (C.D. Cal. 1988), aff'd, 933 F.2d 1013 (9th Cir. 1991) (creditor did not receive notice of bar date to file claim in chapter 13 case, but after learning of case and receiving a copy of the debtor's proposed chapter 13 plan she waited more than two years to file a claim, depriving debtor who had completed her chapter 13 plan, trustee, and other creditors of finality, with other claims in the case--according to the court of appeals' unpublished decision available at 1991 WL 88170-- having already been fully paid); In re Concord Coal Corp., 81 B.R. 863, 867 (S.D. W.Va. 1988) (facts did not justify application of doctrine);  In re Decko Products, Inc., 73 B.R. 275, 276 (Bankr. N.D. Ohio 1987); In re Arnold Print Works, Inc., 47 B.R. 288, 290 (Bankr. D. Mass. 1985);   In re Cmehil, 43 B.R. 404 (Bankr. N.D. Ohio 1984).

[8]  Haines' claims presumably arose under District of Columbia law as Greater Southeast is located in the District of Columbia and as the claims do not appear to arise under federal law.  The court assumes that it is District of Columbia law, not federal bankruptcy law, under which any

11

assume that she would be given notice of the bar date ought to trump any assertion of estoppel or laches with respect to any delay occurring before Haines was on notice that something was amiss regarding receiving notice of the bar date.[9]  Haines' attorneys received a copy of the bar date notice via facsimile transmission on September 16, 2004.  However, on September 10, 2004, the parties had attended a scheduling conference in the Superior Court at which a new scheduling order was issued, and the bar date and the order of confirmation order were not raised as an impediment to the action's proceeding.  There is no indication that Greater Southeast articulated a position that the bar date order and confirmation of the plan barred Haines from pursuing her claim, or that Haines stopped pressing the claim.  Accordingly, the debtors cannot claim that Haines waited unreasonably long in pressing the claim.

Recall that under Spring Valley, Haines' claim would not be discharged if she was not given proper notice of the bar date.  Accordingly, assertion of the claim in this court would

---

estoppel or laches defense would exist with respect to the District of Columbia claim.  With some explicit statutory exceptions, bankruptcy ordinarily would not alter a state law claim or the defenses thereto.

[9]  In this regard, the parties have not briefed the question whether knowledge that should have put Haines' attorneys on notice that something was amiss can be attributed to Haines herself for purposes of the defense of laches.

not have been necessary: it sufficed to pursue the claim in the Superior Court in order not to be guilty of laches.  The delay between September 16, 2004, and January 13, 2005, in filing the motion to late file a proof of claim is thus not a delay of any consequence.

In any event, the debtors have not articulated any prejudice based on Haines' failure to file a proof of claim immediately after the September 16, 2004, filing versus seeking to file a proof of claim in January 2005.  Although the debtors entered into and funded on January 18, 2005, a Takeout and Restructuring Agreement that refinanced obligations owed to the liquidating trust under the confirmed plan, they were well aware of the claim and had it within their control to seek an earlier determination regarding its being barred.  Moreover, they have not articulated how the existence of this claim would have altered the decision to enter into the takeout agreement.

### III

Haines urges that she should be granted an enlargement of time based on excusable neglect.  This inquiry will be moot if the bar date does not apply to her based on a failure of the debtors to meet their procedural obligations.  Nevertheless, the court will address it for the sake of completeness, and

13

because the considerations the courts have applied regarding "excusable neglect" may be pertinent to an estoppel or laches defense.  Under F.R. Bankr. P. 9006(b)(1), a bankruptcy court may permit a creditor to file a late claim if the creditor's failure to comply with the deadline for filing claims "was the result of excusable neglect."  See <u>Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 382-84 (1993).  Rule 9006(b)(1) contemplates that courts will "be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." <u>Pioneer</u>, 507 U.S. at 388.  With respect to this determination, "the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization." <u>Id.</u> at 389.  The inquiry into "excusable neglect" is essentially an equitable one, in which courts are to take into account all relevant circumstances surrounding a party's failure to file.  <u>Pioneer</u>, 507 U.S. at 394.  These circumstances include:

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

14

Id. The court does not have a complete picture of what occurred here, and what would be the impact of a late filing. The court makes observations regarding two of the issues.

### A.

As to the issue of the reason for the delay, if Haines' attorney received the notice, there is no explanation for why Haines delayed in filing a proof of claim.

### B.

As to the issue of prejudice, the court does not have a representation whether the debtors' proposal to assume responsibility for medical malpractice claims was based on a claims analysis which did not include Haines' pending claim in the Superior Court of the District of Columbia,[10] and the debtors have not fully addressed whether the debtors' obvious knowledge that the claim was being pressed by reason of its assertion in the Superior Court ought to weigh against them. See Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 737-38 (5th Cir. 1995) (claim was being addressed via alternative dispute resolution procedures outside bankruptcy court). Nor does the court have any

---

[10] In this regard, was the existence of the claim acknowledged in the disclosure statement or in materials provided to prospective purchasers?

15

indication of the number of claims that had been asserted against the debtors but for which no proof of claim was timely filed, a matter pertinent to the debtors' contention that allowing this claim will open the floodgates. See In re Keene Corp., 188 B.R. 903, 912 (Bankr. S.D.N.Y. 1995). Finally, the court does not have an accurate picture regarding insurance that relates to Haines' claim.

IV

In light of the foregoing, it is

ORDERED that the parties shall confer to attempt to arrive at an agreed stipulation of facts and, if necessary, a schedule (including discovery deadlines and so forth) for disposing of this matter. It is further

ORDERED that the parties shall appear before this court on March 9, 2005, at 9:30 a.m. for a scheduling conference or, if the parties request, a trial on the merits of the instant Motion. It is further

ORDERED that with respect to any trial, the parties shall comply with LBR 9070-1 regarding pre-numbering, pre-marking, and pre-listing exhibits, listing witnesses, and submitting of two copies of the exhibits.

[Signed and dated above.]

Copies to:

Andrew M. Troop
Weil, Gotshal & Manges LLP
100 Federal Street
34th Floor
Boston, MA 02110

Deryck A. Palmer
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

Holly E. Loiseau
Peter D. Isakoff
Cleveland Lawrence III
Douglas Southard
1501 K Street NW Suite 100
Washington, DC 20005

Ted A. Berkowitz
Patrick Collins
Farrell Fritz, PC
EAB Plaza
Uniondale, NY 11556-0120

Sam J. Alberts
White & Case LLP
601 Thirteenth Street, N.W. Suite 600
Washington, DC 20005

Barry J. Nace
Gabriel A. Assaad
Paulson & Nace
1814 N Street, NW
Washington, DC 20036

Office of United States Trustee

G:\JUDGEFIL\Due Process\Greater Southeast Community Hospital Corp. I (Order re Motion to Late File Claim).wpd

17