The decision below is signed as a decision of

the court.

Signed: March 09, 2005.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| GREATER SOUTHEAST COMMUNITY ) | Case No. 02-02250 |
| HOSPITAL CORPORATION I, *et* ) | (Chapter 11) |
| *al*., ) | (Jointly Administered) |
| ) | |
| Debtors. ) | |

DECISION REGARDING MOTION OF
<u>LINDA HAINES TO ALLOW LATE FILING OF CLAIM</u>

The court will grant the Motion to Allow Late Filing of Claim (Docket Entry No. 2429) filed by Linda Haines as the personal representative of the estate of Beatrice Phillips. The background in this matter is set forth in the Procedural Order dated February 17, 2005, reported at ___ B.R. ___.

I

At today's hearing, the parties agreed that the court should first address whether the notice the debtors sent failed to satisfy due process and the procedural requirements in the case, specifically, whether the notice was defective in light of <u>Maldonado v. Ramirez</u>, 757 F.2d 48 (3d Cir. 1985).

In <u>Maldonado</u> there was no showing (as there has been in this

case) that the attorney who received notice was representing the creditor at the time of the notice. Beyond that, however, and of relevance here, the notice in Maldonado was addressed to the attorney in his capacity of representing another client. Thus, as an alternative holding, the court of appeals stated:

> [A]n attorney given notice of the bankruptcy on behalf of a particular client is not called upon to review all of his or her files to ascertain whether any other client may also have a claim against the bankrupt. Notice sent to an authorized attorney or agent must at least signify the client for whom it is intended so that the attorney can know whom to advise to assert a claim in the bankruptcy.

Maldonado, 757 F.2d at 51. Even if, as the debtors urge, this is viewed as *dictum*, it is persuasive.

There is a distinctive difference between Maldonado and this case, but it does not alter the outcome. Here the notice was not addressed to a particular attorney or to any client care of the law firm.[1] The debtors argue that Haines' law firm was thus not misled into thinking that a particular client other than Haines

---

[1] Additionally, Maldonado involved the bankruptcy case of an individual debtor, such that any actual notice of the case in time to file a proof of claim would, under § 523(a)(3), subject the claim to discharge. In contrast, this is a corporate chapter 11 bankruptcy case in which specific notice of the bar date (not just notice of the bankruptcy case) is required. However, that difference does not render Maldonado irrelevant. Maldonado stands for the proposition that when an attorney receives a notice of a bankruptcy case in one client's civil action against an individual debtor, the notice affects only that client under § 523(a)(3) and not other clients of the attorney. It logically follows that under Maldonado notice in a corporate bankruptcy case of the bar date to one client care of an attorney would not be notice to the attorney's other clients.

2

was involved, and argue that the three attorneys within Haines' law firm could have readily addressed whether any of those attorneys had a client who had a claim against one of the debtors.  The court rejects the debtors' arguments.  The arguments assume that whoever initially received the notice would have recognized that it might deal with claims not of the law firm (to whom it was addressed) but of a client (or clients) of the law firm.[2]  Further, even if it had dawned on the law firm that the notice potentially dealt with claims of a client or clients of the firm against one of the debtors, and inquiry were made of the three attorneys, a mistake could readily have occurred in addressing the question of whether any clients had a claim against the debtors.

The debtors, not Haines, should bear the risk that the notice's failure to identify Haines as the creditor holding a claim might lead to the law firm's failing to realize or discover that the notice pertained to her claim.  The debtor readily could have addressed the notice to Haines care of the law firm.[3]

---

[2] The notice was not limited to tort claims (the type of claim Haines holds) but extended to all prepetition claims against the debtors.  The law firm might well have speculated that it was receiving notice because it might be the beneficiary of an order, in a client's case against the debtor, directing that an award of fees or costs be paid directly to the law firm.

[3] The court need not address whether failure to address the notice to the specific attorney representing Haines would make the notice inadequate.

Failure to so address the notice resulted in notice that was not reasonably calculated, under all the circumstances, to put Haines on notice.  See <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 15 (1950) ("[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the [person entitled to notice] might reasonably adopt to accomplish it.").  Use of a notice addressed only to the law firm, and not mentioning Haines, is not a means one desirous of actually notifying Haines would reasonably have adopted.

II

The debtors advised the court at the hearing that the debtors do not wish to pursue the issue of whether Haines' attorney in the Superior Court action had actual knowledge of the bar date applicable to Haines.  Nor did the debtors advance any estoppel argument at the hearing.  Thus, as discussed in the Procedural Order, the court must hold that Haines is entitled to file a proof of claim.  An order has been signed consistent with this holding.

[Signed and dated above.]

Copies to:

Andrew M. Troop
Weil, Gotshal & Manges LLP
100 Federal Street
34th Floor
Boston, MA 02110

Deryck A. Palmer
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

Holly E. Loiseau
Peter D. Isakoff
Cleveland Lawrence III
Douglas Southard
1501 K Street NW Suite 100
Washington, DC 20005

Ted A. Berkowitz
Patrick Collins
Farrell Fritz, PC
EAB Plaza
Uniondale, NY 11556-0120

Sam J. Alberts
White & Case LLP
601 Thirteenth Street, N.W. Suite 600
Washington, DC 20005

Barry J. Nace
Gabriel A. Assaad
Paulson & Nace
1814 N Street, NW
Washington, DC 20036

Office of United States Trustee

O:\JUDGEFIL\Due Process\Greater Southeast Community Hospital Corp. I (Decsn re Motion to Late File Claim).wpd

5