It is hereby
ORDERED that the Order set forth below is hereby signed as an order of the court to be entered by the clerk.



Signed: July 06, 2005.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORP., I, *et al.*, | ) | (Chapter 11) |
| | ) | |
| Debtor. | ) | |

### TENTATIVE DECISION RE OBJECTION TO LOS ANGELES TAX CLAIM

The court held a hearing on June 29, 2005 on the DCHC Liquidating Trust's Motion for Order Determining the Amount, Classification and Allowance of Real Property Tax Claim of Los Angeles County Tax Collector ("Los Angeles"). (Docket Entry No. 2551, filed May 25, 2005.)  At that hearing the court addressed a number of issues concerning the tax claims of Los Angeles.  If necessary, the Trust will have an opportunity to respond to the views the court expressed.  Out of fairness to Los Angeles, the court believes that it should be aware of the positions the court expressed:

1.  The court opined that prepetition delinquency penalties are a lien claim under California law, see FDIC v. County of Orange, 262 F.3d 1014, 1017 (9th Cir. 2001) ("California's property tax statute requires that property taxes be paid by November 1, and if they have not been paid by December 10, 'thereafter a delinquent penalty of ten percent attaches to them.'  Cal. Rev. & Tax Code § 2617.  The property tax delinquent penalties are subject to statutory liens.  Id. § 2187.").  Accordingly, these penalties, to the extent they arose before the petition, are  secured under 11 U.S.C. § 506(a).[1]

2.  The court also opined that prepetition penalties may not be equitably subordinated.  See United States v. Reorganized CF & I Fabricators of Utah, Inc., 116 S. Ct. 2106 (1996); United States v. Noland, 116 S. Ct. 1524 (1996).

3.  In addition, the court opined that § 506(a) does not impose a reasonableness limitation on penalties.

4.  The court also opined that postpetition penalties are not allowed as part of a secured claim under § 506(b), but interest is if there is sufficient value in the property to cover the accrual of postpetition interest.  Although Alberts asserted at the hearing that the confirmed plan included no provision for postconfirmation interest, the plan provided in § 4.5 for payment of the Allowed Other Secured Claims (including Los Angeles's) without freezing the allowed amount of such claims as of the Effective Date of the plan.  Although a plan may indeed freeze the amount of a claim as of the effective date of the plan (see 11 U.S.C. § 1129(b)(2)(A)(i)(II)), this plan did not do so: the definition of Secured Claim in § 1.95 of the plan did not purport to cut off the accrual of interest at the effective date.

5.  Finally, the court addressed the question of whether the 2002-2003 tax year taxes are obligations of the Liquidating Trust or administrative expenses.  The court noted that signing the proposed order for the motion could present a risk of inconsistent results for the creditor because the Reorganized Debtors say that the taxes are not administrative whereas the trustee says that they are.  The Trust has thus presented a scheduling order whereby both the

---

[1]  However, FDIC v. County of Orange makes clear that redemption penalties do not give rise to a lien.

Trust and Reorganized Debtors will brief this issue at the same time.[2]

[Signed and Dated Above]

Copies to:

Sam Alberts, Trustee; Ted A. Berkowitz, Esq.; Dennis Early, U.S. Trustee; Andrew Troop, Esq.; Michael Bernstein, Esq. (Counsel for REIT)

Elizabeth McDaniel
Los Angeles County Tax Collector
Property Tax Division
P.O. Box 54018
Los Angeles, CA 90054-0018

Bill Lockyer, Attorney General
Office of the Attorney General
1300 I St., Suite 17840
Sacramento, CA 95814

---

[2] That scheduling order also addresses the amount the trust concedes are owed but for an 11 U.S.C. § 502(d) issue based on an adversary proceeding, Adversary Proceeding No. 04-10252 pending in this court, to avoid and recover $33,385.59 in prepetition payments made to the County.