The decision below is signed as a decision of the court.

Signed: December 16, 2005.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY | ) | Case No. 02-02250 |
| HOSPITAL CORP., I, *et al.*, | ) | (Chapter 11) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

OPINION REGARDING MOTION TO COMPEL
COMPLIANCE WITH LIQUIDATING TRUST AGREEMENT

Sam J. Alberts, Trustee for the DCHC Liquidating Trust (the "Trust"), filed a motion (the "Motion") to compel compliance by the Reorganized Debtors with respect to obligations arising under a certain Liquidating Trust Agreement entered into by the parties (D.E. No. 2673, filed August 18, 2005). The Trust sought to compel the Reorganized Debtors to produce certain e-mails of the Reorganized Debtors that were generated between November 20, 2002, and April 5, 2004 (the "Contested E-mails"). The Reorganized Debtors filed an objection to the Motion (the "Objection") on September 12, 2005 (D.E. No. 2703), and the court conducted a hearing on the motion on October 18, 2005.

The court held at the hearing on the Trust's Motion that the

Trust was entitled to recover documents from the Reorganized Debtors only after providing the Reorganized Debtors with written requests for Contested E-mails "relating to the Trust Claims or the Distribution Assets" within the meaning of that phrase as it appears in Section 3.5 of the Liquidating Trust Agreement.  The court further held that, upon receipt of any such requests, the Reorganized Debtors must produce Contested E-mails responsive to the Trust's requested within thirty days and that, to the extent the Reorganized Debtors objected to the production of any responsive Contested E-mails, the Reorganized Debtors must include a privilege log indicating the basis for non-production.

Finally, in response to a request made by the Trust at the hearing, the court ordered the Reorganized Debtors not to purge any of the Contested E-mails and to maintain the existing hard drives on their computers for a period of forty-five days so that the <u>status quo</u> of the case would be preserved while the parties worked out an arrangement for preserving the Contested E-mails.  The court directed the Trust to file a proposed order reflecting the court's rulings from the bench.  The Trust filed such an order on November 22, 2005 (D.E. No. 2751).

In response to the proposed order filed by the Trust, the Reorganized Debtors filed their own Notice of Submission of Counter Proposed Order on Trustee's Motion to Compel Compliance with Liquidating Trust Agreement on November 29, 2005 (D.E. No.

2752). The Reorganized Debtors object to the proposed order filed by the Trust on two grounds. First, the proposed order submitted by the Trust does not limit the injunctive relief ordered by the court to a period of forty-five days, but rather extends the injunction indefinitely pending further ruling by the court. Second, the proposed order encompasses not only the e-mails and hard drives of the Reorganized Debtors, but also the e-mails and hard drives of all of the so-called "Partially Released Parties," who were not parties to the Trust's Motion and in some instances are not employed by the Reorganized Debtors. The Reorganized Debtors argue that the court's order was not directed to this larger group of individuals, but was instead restricted to the Reorganized Debtors.

The court agrees with the Reorganized Debtors on both points. The court imposed a time limitation on its injunctive relief for a specific purpose; namely, so that the parties could reach agreement as to how Contested E-mails should be preserved and, if necessary, retrieved from the hard drives of the Reorganized Debtors. If the parties are unable to reach such an agreement, the Trust can move to extend the injunction, which the court may grant if appropriate. The court also agrees with the Reorganized Debtors that the language in the Trust's proposed order regarding the "Partially Released Parties" is inappropriate given that the Reorganized Debtors were the subject of the

Trust's Motion, not the Partially Released Parties.  The Trust should file a separate motion if it concludes that it is necessary to enjoin the Partially Released Parties as well.

For these reasons, the court rejects the proposed order submitted by the Trust.  Instead, the court will enter the proposed order submitted by the Reorganized Debtors, which reflects accurately the ruling of the court from the bench at the hearing on the Trust's Motion.

An order follows.

[Signed and dated above.]

Copies to: All counsel of record