The Memorandum Decision and Order below is hereby
signed.  Dated: May 14, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GREATER SOUTHEAST COMMUNITY HOSPITAL CORPORATION I, *et al.*, | ) ) ) ) | Case No. 02-02250 (Chapter 11) (Jointly Administered) |
| | ) | **Not for Publication in** |
| Debtors. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER OVERRULING TRUSTS
OBJECTION TO CERTAIN PATIENT REFUND CLAIMS FOR
WHICH CLAIMANTS DID NOT PROVIDE SUPPORTING EVIDENCE BUT
<u>ALLOWING CERTAIN CLAIMS THAT THE TRUST IS SATISFIED ARE OWED</u>

This order addresses the DCHC Liquidating Trust's Objection And Request To Disallow Patient Refund Claims For Which The Claimants Did Not Provide Sufficient Evidence Of Such Claims As Required By The Court-Approved Patient Refund Claim Objection Procedures (Docket Entry ("DE") No. 3335) filed April 11, 2008, and elaborates on the reasons for overruling the Objection as set forth in the court's oral ruling at the hearing of this date.

The patient refund claims at issue were not individually scheduled by the debtors, and, accordingly, 11 U.S.C. § 1111(a) did not give rise to a proof of claim being deemed to have been filed by each creditor holding such a claim.  The debtors

scheduled only the aggregate amounts of patient refund claims without identifying the claimants.  Although the debtors later identified individual claimants, they did not do so in schedules executed under penalty of perjury, and the schedules that were filed earlier do not acknowledge the validity of each individual creditor's claim (or even that the creditor's claim had been included in the aggregate amount listed, as the aggregate amount may have been only an estimate or have included claims of creditors later determined not to exist).

The debtors nevertheless notified each such creditor that the creditor need not file a proof of claim if the creditor agreed with the amount listed on the notice as being the amount the debtors believed they owed the creditor.  That was error, because the failure to schedule each claim individually meant that, as to each such claim, § 1111(a) was not triggered to give rise to a proof of claim being deemed to have been filed.

Nevertheless, the debtors' notice to each such creditor misled the creditor into thinking that no proof of claim needed to be filed.  Accordingly, such creditors were entitled to obtain an order permitting them to file proofs of claim out of time.

When, as to each such creditor, the Trust evaluated the amount that the debtors had told the creditor would not require a proof of claim, the Trust concluded that in the vast majority of such claims, the amounts were likely in error.  The Trust thus

filed a motion to set procedures for obtaining a ruling that such claims be disallowed.  This led to a procedural order entered on December 20, 2007 (DE No. 3311) that effectively granted the affected creditors additional time to file proofs of claim, and set a deadline for each creditor to submit a proof of claim.

Although the order setting a deadline for the submission of a proof of claim also directed each creditor to include any supporting documentation, that directive was intended to facilitate the Trust's evaluation of the claims, and the order did not provide that failure to submit supporting documentation would result in disallowance of the claim.  Nor has the Trust shown that the order could have properly done so.  The Trust's Objection has not shown that the patient refund claims were "based on a writing" within the meaning of F.R. Bankr. P. 3001(c).  Moreover, even when a creditor's claim *is* based on a writing, and was thus required by Rule 3001(c) to include supporting documentation, that would not suffice as a ground to disallow the claim.  It would only rob the claim of its evidentiary effect under Rule 3001(f), and not constitute a ground, in and of itself, for disallowance.

Because the Trust's Objection was based solely on the lack of documentation, the Objection does not state an adequate basis for disallowance of the claims.  The Trust will be permitted to object anew to the claims, and in so doing may attempt to

demonstrate that any particular claim was based on a writing. It seems doubtful at this juncture, however, that any patient refund claim was based on a writing within the meaning of Rule 3001(c). The overpayments here could have been made in cash or via a check or via some other means. The overpayments fundamentally arise from the debtors receiving more than they were owed, and do not depend on the fact that the payments may have been in writing. If no writing was required to create the liability, the claim is not based on a writing. State Board of Equalization v. Los Angeles Int'l Airport Hotel Assocs. (In re Los Angeles Int'l Airport Hotel Assocs.), 106 F.3d 1479, 1480 (9th Cir. 1997).

The Trust has conceded in its Objection that four claims *are* proper as shown by documentation supporting those claims, and has requested allowance of those claims.

In accordance with the foregoing, it is

ORDERED that, as requested by the Trust, the claims of the following holders are allowed in the following stated amounts: Irene Taubenhein in the amount of $827.28; Kathleen Jacinto in the amount of $810.00; Jimmie Mitchell in the amount of $20.00; and Fannie Ford in the amount of $50.00; and it is

ORDERED that the Trust's Objection (DE No. 3335) is otherwise OVERRULED without prejudice to filing a new objection to the disputed claims. It is further

ORDERED that within 14 days of entry of this order, the Trust shall file a certificate reciting that it has mailed a copy of this Memorandum Decision and Order to each of the affected creditors.

[Signed and dated above.]

Copies to:

Sam J. Alberts, Esq.
Jeffrey E. Schmitt, Esq.
Joshua M. Hantman, Esq.
White & Case LLP
701 Thirteenth St., N.W.
Washington, D.C. 20005

Dennis Early, Esq.
Office of the U.S. Trustee
115 S. Union Street
Alexandria VA 22314

Andrew Troop, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281

Ted Berkowitz, Esq.
Patrick Collins, Esq.
Farrell Fritz, P.C.
EAB Plaza
Uniondale, NY 11556-0120