The document below is hereby signed. Dated: September 29, 2008.

_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
GREATER SOUTHEAST COMMUNITY        )   Case No. 02-02250
HOSPITAL CORPORATION I, *et*       )   (Chapter 11)
*al.*,                             )   (Jointly Administered)
                                   )   Not for Publication in
              Debtors.             )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER
DIRECTING DCHC LIQUIDATING TRUST TO ADDRESS ISSUES
RE MOTION OF THE DCHC LIQUIDATING TRUST SEEKING AN ORDER
ESTABLISHING PROCEDURES AND DEADLINES CONCERNING IRS W-9
FORMS AND REDISTRIBUTION OF FUNDS FROM NONRESPONDING CREDITORS

This addresses the Motion of the DCHC Liquidating Trust Seeking an Order Establishing Procedures and Deadlines Concerning IRS W-9 Forms And Redistribution of Funds from Nonresponding Creditors (Document No. 3445 on the court's docket) (the "Motion"). I have spotted issues that preclude my granting the Motion until the DCHC Liquidating Trust has addressed the following issues and convinced me that modifications to the relief requested by the Motion are not warranted.

1. In the proposed letter to holders of claims, the language "within ninety (90) days of the date of this letter"

appears twice.  This language puts each holder of a claim to the necessity of computing the date on which the 90-day deadline falls, when the letter itself could set forth that date.  Why should creditors be put to that burden?  Ought not the quoted language be changed to read "by [the deadline date]" with the deadline date having been computed in accordance with Fed. R. Bankr. P. 9006(a)?[1]

    2.  If a creditor included a taxpayer identification number on the proof of claim, why should that creditor be required to submit a Form W-9?[2]

    3.  If the distributions to a creditor in any taxable year would be less than $600, the distributions would not constitute "reportable payments" under 26 U.S.C. § 6041(a) and no Form W-9 would be required in order to absolve the Trust of any

---

[1] For example, if the letter is dated October 3, 2008 (in which case the 90th day thereafter would fall on January 1, 2009), the deadline would be bumped under Rule 9006(a) to the next day, Friday January 2, 2009.  In that example, the first sentence containing the problematic language would be changed to read "Prior to making any distributions, we are therefore requesting that you complete and return the attached IRS Form W-9 <u>so that it is received by the Trust by January 2, 2009</u>."

[2] For example, many wage earners' proofs of claim probably included a Social Security Number on the proof of claim because the Official Form at that time elicited the creditor's Social Security Number for a claim for wages, salaries, or compensation.  To the extent that such a claim included any non-priority claims, the creditor would be amongst the general unsecured creditors receiving the letter.  Why should such a creditor be required to supply a Social Security Number when it was supplied already?

responsibility to withhold taxes, as the withholding requirement is inapplicable when the payment is not a "reportable payment." Why should a creditor who is to receive less than $600 in distributions in the taxable year of the distribution be required to submit a Form W-9?  If a creditor's proof of claim is for less than $600, why ought that creditor ever be required to submit a Form W-9?

It is

ORDERED that at the hearing on the Motion, the DCHC Liquidating Trust shall address the foregoing issues.  It is further

ORDERED that the hearing on the Motion (Document Number 3445) is continued to Friday October 3, 2008, at 10:30 a.m.

[Signed and dated above.]

Copies to: Andrew M. Troop, Esq.; Ted Berkowitz, Esq.; Peter D. Isakoff, Esq.; Sam J. Alberts, Esq.; Office of U.S. Trustee.